IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AT DALLAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § § § | NO. 3:10CR-117-O(01) |
| BRION GARY RANDALL | § § | |

### BRION RANDALL'S MOTION TO RECUSE JUDGE UNDER 28 U.S.C. 455 AND INCORPORATED MEMORANDUM OF LAW

COMES NOW THE DEFENDANT, BRION RANDALL, and files the following Motion to Recuse Judge, and would show the Court the following:

I.

According to 28 U.S.C. §455:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

II.

In the instant case, Judge O'Connor should recuse himself because, on information and belief, he has personal knowledge of disputed evidentiary facts concerning the proceeding imputed to him through the personal knowledge of his agent, the court-appointed Receiver. In addition, recusal is appropriate under 28 U.S. 455(a) because the actions of the Receiver, as

agent of the court, would cause a reasonable person to question the impartiality of the factfinding process.

### III.

Since August 6, 2009, Judge O'Connor has presided over a civil case involving the Defendant, *SEC v. Brion Randall and 2Randall Consulting Group, LLC* (No. 3:09cv-1465-O). In that case, a Receiver was appointed by the Court and authorized by the Court with broad powers over the Receivership Assets and Records. See Exhibit 1. On September 8, 2009, the Receiver filed a document styled "Receiver's First Report." The Report stated, "The Receiver is cooperating with the SEC staff and criminal authorities in providing information" indicating the Receiver was playing an active role in assisting the prosecution of the Defendant. See Exhibit 2.

### IV.

During the course of the Receivership, the Receiver has conducted extensive discovery, including numerous interviews and depositions. In addition, several filings in the SEC case have been made under seal. Three of the depositions are of public record. The depositions were taken in Judge O'Connor's courtroom, and he personally presided over the depositions. On January 14th, 2010, the Receiver deposed Brian Marrin. See Exhibits 3 and 4. On January 15, 2010, the Receiver deposed David Cowen. See Exhibit 5. On January 19, 2010, the Receiver deposed Donald K. Loper, Jr. See Exhibit 6.

The depositions primarily focused on the deletion of computer files from computers subsequently acquired by the Receiver. The depositions essentially constituted an inquiry into the existence of a conspiracy among Randall and the witnesses to obstruct justice

Brian Marrin was asked whether Randall had coerced or blackmailed him into participating in fraudulent activities. David Cowen and Donald K. Loper, two computer analysts

who had performed a *pro bono* imaging of the computers, were interrogated about alleged alterations to some of the computer files and whether they received instruction or incentive from Brion Randall to intentionally alter these files. The questions by the Receiver of these witnesses were sweeping in scope related to different kinds of criminal activities.

As a result of this inquiry, the Government began investigating the alleged alterations to the computers. Brion Randall is now being investigated for obstruction of justice.

V.

Additionally, the Receiver has collected evidence that contributed to a criminal referral, in which she alleges that computer tampering has occurred. The knowledge she has gained throughout the course of her inquiry, and her actions reporting this activity to the Government, are imputed to the Court under basic agency law.

VI.

The law is clear that a receiver is an agent of the court. "Immediately upon such appointment and after the qualification of the receiver, the property passed into the custody of the law, and thenceforward its administration was wholly under the control of the court by its officer or creature, the receiver." *Atlantic Trust Company v. Chapman*, 208 U.S. 360, 370 (1908). "It is the court itself which has the care of the property in dispute. The receiver is but a creature of the court; he has no powers except such as are conferred upon him by the order of his appointment and the course and practice of the court." *Id.* at 371. "The receiver is an officer of the court, an agent through whom the court acts." *Tangwell v. Jablonski*, 111 Fed.Appx. 365, 368 (6th Cir. 2004) (unpublished) (citing *Fletcher Cyclopedia Corporations* §7810 (1998)). The Northern District of Texas, as well, has defined a court-appointed receiver as an agent of the court. *See Blakely Airport Joint Venture II v. Federal Savings and Loans Insurance*

*Corporation,* 678 F.Supp 154, 156 (N.D. Texas 1988). The Receiver in this case is court-appointed to the SEC case and is an agent of the Court.

VII.

Because the Receiver is the agent of the Court and the Court is the principal, the doctrine of imputed knowledge applies. This well-established rule of law is that the knowledge of the agent is imputed to its principal. *See Mutual Life Ins. Co. of New York v. Hilton-Green, Ex'r of Wiggins,* 241 U.S. 613 (1916).

VIII.

Moreover, the Receiver subpoenaed Defendant with a subpoena issued Monday, September 27, 2010 to appear at a deposition on Wednesday, September 29, 2010 in connection with the SEC case. See Exhibit 7. At the deposition, her line of questioning suggested that she believes there are other outstanding offenses for which Defendant and the other individuals are criminally liable. This deposition was taken in her capacity as Receiver. The location of the deposition was at the Merrill Corporation, which is a court reporting service. Apparently, the Receiver planned to get a "Rough Draft" transcript on the same day. A copy of the rough draft transcript has been included in this Motion as Exhibit 8. The only apparent urgency is to have the transcript of the deposition available prior to sentencing.

IX.

Defendant contests all suggestions that he obstructed justice. Although the Government correctly states that the Presentence Report does not recommend an adjustment based upon obstruction of justice, and the Government states it will not be seeking an adjustment based on this allegation, the Presentence Report refers to it. The scope of information available to the Receiver, and by agency, to the sentencing judge, is unknown to either the Defendant or the

Government. The content of the sealed documents are currently unavailable to either party although they were requested by Defendant in a prior Motion.

X.

After the investigation by the U.S. Attorney's office was well underway, the Receiver claimed that the United States Attorney's Office for Northern District of Texas should be recused from this investigation because of conflict of interest. As a result, an investigation is being conducted by the Department of Justice Executive Office of United States Attorneys.

XI.

The judge should recuse himself under 28 U.S.C. 455(a) or 28 U.S.C. 455(b)(1).

Respectfully submitted,

_____
BARRY SORRELS, P.C.
State Bar No. 18855300
STEPHANIE LUCE
State Bar No. 24065649
SORRELS UDASHEN & ANTON
2311 Cedar Springs #250
Dallas, Texas 75201
214/468-8100
214/468-8104 (fax)
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF CONFERENCE

The undersigned attorney hereby certifies that on September 29, he conferred by telephone with AUSA Christopher Stokes about this pleading. Christopher Stokes opposes the Motion.

/s/ Barry Sorrels
Barry Sorrels

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of Defendant's Objections to Pre-Sentence Report was forwarded to AUSA Christopher Stokes, 1100 Commerce, #300, Dallas, Texas 75270, by email on the 29th day of September, 2010.

/s/ Barry Sorrels
Barry Sorrels